By the Couet.—O’G-obman, J.
This is an appeal from a judgment in favor of the plaintiff, rendered in *63 accordance with the verdict of a jury, directed by the learned trial judge on the pleadings in the case. The trial judge directed that the exceptions should be heard in the first instance at the general term.
All the facts alleged in the complaint are admitted by the defence, and, together with the facts set up in the answer, which are not denied by the plaintiff, tell the story of the case.
Prior to May 22, 1886, the New York Life Insurance Company had agreed to lend Phyfe and Campbell,.$860,000, secured by mortgages on real property in the city of New York. The plaintiff, Arnoux, was the attorney for Phyfe and Campbell in the matter of this loan.
On May 22,1886, the day above mentioned, all but $130,500, had been paid to them by the hand of the defendant, who was the attorney of the lender in' examining title, and making the several advances.
On May 22, 1886, the defendant, at the request of Phyfe and Campbell, signed and delivered to plaintiff the following letter:—
“ New York, May 22, 1886.
“ W. H. Arnoux, Esq.
Dear Sir :
At the request of Messrs. Phyfe and Campbell, I write this to say that, in case of your loaning them $2,500, and furnishing me with their request, I will reserve for you that sum out of the next payment made them by the New York Life Ins. Co.
Respectfully yours,
H. A. Bogert.”
Thereupon the plaintiff lent to Phyfe and Campbell $2,500, and they gave him an order or request *64 for payment of that sum to plaintiff, out of the next payment which should be made to them by the Company. The defendant had due notice of that order or request.
Subsequently, the whole amount of said loan was paid to Phyfe and Campbell, or to their order, and defendant did not reserve the amount, which, by his letter, he promised to reserve, out of the next or any payment made by the “Insurance Company ” to Phyfe and Campbell—and plaintiff has not been paid by them for the loan made to them by him, or any part thereof.
All these allegations of the plaintiff are expressly admitted by the defendant in his answer.
The only new facts set up in his answer, are, that the expectation and understanding of plaintiff and defendant, when the letter of May 22d was written, were that the. remaining sum, not then advanced by the Company to Phyfe and Campbell, would, in due course, come into the defendant’s hands, as attorney, to be paid over to them, and that the amount promised to be paid to plaintiff, should be retained or reserved for him. That no part of said balance was paid to Phyfe and Campbell, or to defendant for their use, to be applied as they might order, as contemplated in the letter written by defendant.
The defendant offered no testimony, and the trial judge directed a verdict for the plaintiff.
At the trial the learned judge delivered opinions, of which the following are extracts:—
“ Does it not amount to more than you have claimed ? Is it not an undertaking that the defendant would see to it, that it should pass in such a way that he could, and that he would reserve it ? As I understand the writing, it means that the defendant undertook to reserve, or cause to be reserved. Now the manner in which it was to be done, that was his business, not the plaintiff’s business. I think the *65 motion to dismiss the complaint must be denied. I think that is the construction to be placed upon it as matter of law.”
“ Judge Arnoux advanced this money upon the strength of this writing. It is fair to assume that he would not have advanced this money if he had not received that writing. Now, as I understand the document, Mr. Bogert would reserve, or cause to be reserved, an amount to repay that loan. The pleadings show that he did not.”
“ He failed in that undertaking, and I therefore think that, as matter of law, the entire defence set up, the affirmative defence, is not available to change the construction which, as matter of law, must be put upon the written undertaking. I therefore grant the plaintiff’s motion, and I will say that if the defendant wants to go to the general term, I shall direct his exceptions to be heard there in the first instance, and shall suspend the entry of judgment in the meantime.”
I see no reason to differ from the view thus expressed. The obligation of the defendant was fixed by the terms of his letter of May 2 2d, and defendant has failed to give any valid reason why he did not comply with that obligation.
The defendant admits that the whole amount of the loan was paid by the company, his clients, to Phyfe and Campbell. He does not say that it was not paid by Ms hands ; and before such payment was made, he was bound, under his letter, to reserve enough to satisfy the plaintiff’s claim.
The defendant in his brief claims that he should have been permitted to produce evidence to assist the court in the interpretation of his letter. The case on appeal does not show that defendant offered any testimony, or applied to the court for leave to produce any evidence.
*66 In my opinion, no error was committed at the trial and the judgment should be affirmed with costs.
Sedgwick, Ch. J., concurred.